M. KELLY TILLERY, ESQUIRE*
DAVID J. SHANNON, ESQUIRE
HEIDI E. ANDERSON, ESQUIRE
LEONARD, TILLERY & SCIOLLA, LLP
1515 Market Street
Suite 1800
Philadelphia, PA  19102
Telephone:  (215) 567-1530
Facsimile:  (215) 564-4611

Attorney for Plaintiffs
MICROSOFT CORPORATION and
SYMANTEC CORPORATION

02 OCT 15  AM 10: 27

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation and<br>SYMANTEC CORPORATION, a Delaware corporation<br><br>                              Plaintiffs,<br><br>       v.<br><br>SCOTT R. HEATH individually and d/b/a "SKEETS CDs"<br>220 W. CHESTNUT STREET<br>ALBION, MICHIGAN 49224<br><br>                              Defendant. | **DOCUMENT FILED UNDER SEAL**<br><br>Case No.:  1:02 CV 0723<br>Robert Holmes Bell<br>Chief, U.S. District Judge<br>COMPLAINT FOR<br><br>1.) 1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101 <u>et seq</u>.)<br><br>2.) TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. §§ 1114, <u>et seq</u>.) |

---

* Local Rule 83.1(d) Motion for Admission filed simultaneously herewith.

Plaintiffs MICROSOFT CORPORATION and SYMANTEC CORPORATION (collectively referred to hereinafter as "Plaintiffs") by and through their attorneys, Leonard, Tillery & Sciolla, LLP, file their Complaint against Defendant SCOTT R. HEATH (referred to hereinafter as "Defendant"), and state and allege as follows:

## I. PARTIES

1. Plaintiff MICROSOFT CORPORATION ("MICROSOFT") is a Washington corporation having its principal place of business at One Microsoft Way, Redmond, Washington 98052.

2. Plaintiff SYMANTEC CORPORATION ("SYMANTEC") is a Delaware corporation having its principal place of business at 20300 Stevens Creek Boulevard, Cupertino, CA 95014.

3. Defendant SCOTT R. HEATH is an individual residing at 220 W. Chestnut Street, Albion, Michigan 49224 in this District and doing business in this Judicial District.

## II. JURISDICTION AND VENUE

4. This case is a civil action arising under the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq.*, and the Lanham Act, 15 U.S.C. § 1051, *et seq.* This Court has subject matter jurisdiction of this action pursuant to 17 U.S.C. § 501, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) and (b). Venue is proper pursuant to 28 U.S.C. § 1391 (b), and (c) and § 1400(a).

5. This Court has personal jurisdiction over Defendant because Defendant resides in and conducts business in this Judicial District by offering to sell, selling and distributing infringing software in this Judicial District.

## III. GENERAL ALLEGATIONS

6. Plaintiffs are in the business of developing, acquiring, and marketing computer software programs recorded on various media, including among others magnetic disks and CD-ROMs, for use on personal computers. Plaintiffs package and distribute their computer software products with associated reference manuals, end-user license agreements, and other documentation.

7. Plaintiffs have made and continue to make a substantial investment of time, effort, and expense in the design, development, testing, acquisition, manufacturing, and marketing of their computer software products.

**THE BUSINESS OF MICROSOFT**

8. MICROSOFT is in the business of designing, developing, testing, manufacturing and marketing a wide variety of software, including Microsoft Access, Microsoft Excel, Microsoft Frontpage, Microsoft Outlook, Microsoft Powerpoint, Microsoft Publisher and Microsoft Word (hereinafter referred to collectively as the "Microsoft Products").

9. The Microsoft Products, their reference manuals, and the other documentation packaged and distributed with the Microsoft Products contain a large amount of material wholly original with Microsoft and are copyrightable subject matter under the laws of the United States.

10. At all times herein relevant, MICROSOFT complied in all respects with the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, and secured the exclusive rights and privileges in and to the copyrights in the Microsoft Products. Each of the aforementioned works is an original work, copyrightable under the Copyright Act, and each work has been copyrighted in full compliance with the Copyright Act. MICROSOFT has received Certificates of Registration from the Register of Copyrights for each of the Microsoft Products as reflected in the Certificates of Registration for the Microsoft Products copies of which are attached as **Exhibit "1"**.

11. Since the dates of their respective Registrations, the Microsoft Products and their reference manuals, as well as other documentation referred to above, have been manufactured by MICROSOFT or under its authority. All copies of said items made by MICROSOFT or under its authority have been manufactured in strict conformity with the provisions of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, including 17 U.S.C. §§ 401-412, and all other applicable laws governing copyrights. MICROSOFT has thereby fully maintained the validity of its copyrights in these works.

12. Since the creation of the Microsoft Products, their reference manuals, and other accompanying documentation, MICROSOFT has been and still is the sole proprietor of all rights, titles, and interests in and to the copyrights in the Microsoft Products, the accompanying

documentation including the reference manuals, and the Certificates of Registration corresponding therewith.

13. MICROSOFT has obtained the following Federal Registrations for the following trademarks:

| MARK | U.S.P.T.O. REGISTRATION NO. |
|---|---|
| MICROSOFT | 2,163,597 |
| MICROSOFT ACCESS | 1,741,086 |
| FRONTPAGE | 2,046,526 |
| OUTLOOK | 2,188,125 |
| POWERPOINT | 1,475,795 |

Attached as **Exhibit "2"** hereto are copies of these Registrations.

14. MICROSOFT has not authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, or distribute the Microsoft Products, their reference manuals, and/or other accompanying documentation.

**THE BUSINESS OF SYMANTEC**

15. SYMANTEC is in the business of designing, developing, testing, manufacturing and marketing a wide variety of software, including Symantec PC Anywhere.

16. Symantec PC Anywhere, its reference manuals, and the other documentation packaged and distributed with Symantec PCAnywhere contain a large amount of material wholly original with SYMANTEC and are copyrightable subject matter under the laws of the United States.

17. At all times herein relevant, SYMANTEC complied in all respects with the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, and secured the exclusive rights and privileges in and to the copyrights in Symantec PC Anywhere. Symantec PC Anywhere is an original work, copyrightable under the Copyright Act, and has been copyrighted in full compliance with the Copyright Act. SYMANTEC has received a Certificate of Registration from the Register of Copyrights for Symantec PC Anywhere as reflected in the Certificate of Registration which is attached as **Exhibit "3"**.

18. Since the dates of registration, Symantec PC Anywhere, and its reference manuals, as well as other documentation referred to above, have been manufactured by SYMANTEC or under its authority. All copies of said items made by SYMANTEC or under its authority have been manufactured in strict conformity with the provisions of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, including 17 U.S.C. §§ 401-412, and all other applicable laws governing copyrights. SYMANTEC has thereby fully maintained the validity of its copyrights in these works.

19. Since the creation of Symantec PC Anywhere, its reference manuals, and other accompanying documentation, SYMANTEC has been and still is the sole proprietor of all rights, titles, and interests in and to the copyrights in Symantec PC Anywhere, the accompanying documentation including the reference manuals, and the Certificates of Registration corresponding therewith.

20. SYMANTEC has obtained the following Federal Registrations for the following Trademarks:

| **MARK** | **U.S.P.T.O. REGISTRATION NO.** |
|---|---|
| SYMANTEC | 76401477 |
| SYMANTEC | 76401476 |
| SYMANTEC | 75347874 |
| SYMANTEC | 74174357 |
| SYMANTEC | 73815903 |
| PC ANYWHERE | 74190666 |

Attached as **Exhibit "4"** hereto are copies of these Registrations.

21. SYMANTEC has not authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, or distribute Symantec PC Anywhere, its reference manuals, and/or other accompanying documentation.

22. The Microsoft Products and Symantec Products are hereinafter referred to as "Plaintiffs' Computer Software Products."

**THE BUSINESS OF DEFENDANT**

23. Plaintiffs are informed and believe and thereon allege that Defendant is an individual who is distributing infringing copies of Plaintiffs' software products via mail order to persons contacted via the Internet. Defendant advertises his infringing software products through e-mail on the Internet and elsewhere and offers to sell, sells and distributes said infringing software products all across the United States.

**FIRST CLAIM FOR RELIEF**

(Copyright Infringement)

[17 U.S.C. §§ 101 et seq.]

24. Plaintiffs repeat and reallege all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully rewritten herein.

25. Plaintiff MICROSOFT brings this claim against Defendant. Defendant has copied, sold and distributed unauthorized copies of MICROSOFT's copyrighted Microsoft Products.

26. Plaintiff SYMANTEC brings this claim against Defendant. Defendant has copied, sold, and distributed unauthorized copies of SYMANTEC's copyrighted Symantec Products.

27. Defendant's acts constitute infringement of Plaintiffs' copyrights in Plaintiffs' Computer Software Products in violation of the Copyright Act, 17 U.S.C. §§ 101, et seq.

28. Plaintiffs are informed and believe and thereon allege that Defendant's reproduction, sale and distribution of Plaintiffs' software products was and is deliberate, willful and without regard to Plaintiffs' proprietary rights.

29. Defendant's copyright infringement has caused, and will continue to cause, Plaintiffs to suffer substantial injuries, loss, and damage to their proprietary and exclusive rights to the copyrights in their software products and further, has damaged Plaintiffs' business reputations and goodwill, diverted their trade, and caused a loss of profits, all in an amount not yet ascertained.

30. Defendant's copyright infringement, and the threat of continuing infringement, has caused, and will continue to cause, Plaintiffs repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Plaintiffs adequate relief at law for

Defendant's acts and continuing acts. Plaintiffs' remedy at law is not adequate to compensate them for the injuries already inflicted and further threatened by Defendant. Therefore, Defendant should be restrained and enjoined pursuant to the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

### SECOND CLAIM FOR RELIEF

(Federal Trademark Infringement

and Counterfeiting)

[15 U.S.C. § 1114(1)]

31. Plaintiffs repeat and reallege all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully rewritten herein.

32. Plaintiff MICROSOFT brings this claim against Defendant. Defendant has advertised, offered for sale, sold and distributed unauthorized copies of the Microsoft Products and other computer software products of MICROSOFT.

33. Plaintiff SYMANTEC brings this claim against Defendant who has advertised, offered for sale, sold, and distributed unauthorized copies of Symantec PC Anywhere and other computer software products of SYMANTEC.

34. Plaintiffs' Federal Trademarks referred to above are in full force and effect.

35. Plaintiffs' Federal Trademarks have not been abandoned and are widely used by Plaintiffs and their licensees throughout the United States. Plaintiffs intend to preserve and maintain their rights to their Federal Trademarks and to continue to use said Federal Trademarks through the manufacture, sale, licensing and merchandising of a wide variety of authorized goods.

36. By virtue of the wide renown of Plaintiffs' Federal Trademarks and the wide geographic distribution and extensive sale of authorized goods, Plaintiffs' Federal Trademarks have developed secondary meaning and significance in the minds of the purchasing public. The purchasing public immediately associates with Plaintiffs those goods bearing Plaintiffs' Trademarks.

37. Plaintiffs have not authorized Defendant to reproduce or otherwise utilize Plaintiffs' Federal Trademarks.

38. Defendant's software products reproduce, counterfeit, copy and colorably imitate Plaintiffs' Federal Trademarks and are likely to cause confusion and mistake in the minds of the purchasing public as to the source of the products in violation of 15 U.S.C. § 1114(1).

39. Plaintiffs assert, upon information and belief and thereon allege, that the activities of Defendant complained of herein constitute willful and intentional use of Plaintiffs' Federal Trademarks in total disregard of Plaintiffs' proprietary rights, and were done in spite of Defendant's knowledge that the use of Plaintiffs' Federal Trademarks or any reproduction, counterfeit, copy, or a colorable imitation thereof, was and is in direct contravention of Plaintiffs' rights.

40. Plaintiffs have been damaged by and Defendant has profited from Defendant's wrongful conduct in an amount to be proven at Trial.

41. Plaintiffs have no adequate remedy at law. The conduct of Defendant has caused and, if not enjoined, will continue to cause, irreparable harm and damage to Plaintiffs' rights in their Federal Trademarks and to their businesses, reputations, and goodwill.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray as follows:

42. That the Court order that Defendant, his agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendant, be immediately enjoined from:

    (a) directly or indirectly infringing any and all of Plaintiffs' copyrighted works and/or trademarks as described above in any manner, including generally, but not limited to copying, distributing, advertising, selling, and/or offering for sale any merchandise which infringes said copyrighted works and/or trademarks, and specifically distributing, advertising, selling, and/or offering for sale unauthorized copies of Plaintiffs' Computer Software Products or any other unauthorized products, which picture, reproduce, or utilize the likenesses of or which copy or bear a substantial similarity to any of Plaintiffs' copyrighted works; or

(b) engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, Defendant's customers, and/or members of the public to believe that, the actions of Defendant, the products sold by Defendant or Defendant is connected with Plaintiffs, are sponsored, approved, or licensed by Plaintiffs, or are in some way connected or affiliated with Plaintiffs;

(c) affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiffs;

(d) otherwise competing unfairly with Plaintiffs in any manner;

(e) diluting and infringing the aforementioned copyrighted works and/or trademarks and damaging Plaintiffs' goodwill, reputations, and businesses;

(f) during the pendency of this action, erasing, deleting, altering or destroying infringing copies of software manufactured by Plaintiffs that are in the possession of Defendant or installed on Defendant's personal computers and network server(s); and

(g) during the pendency of this action, destroying any documents, electronic files or business records that pertain to the copying, reproduction, manufacture, duplication, dissemination, or distribution of any infringing copies of software manufactured by Plaintiffs or under Plaintiffs' authority, including any correspondence (including but not limited to electronic mails), sales and supplier or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogues, recordings of any type whatsoever, and all other business records and documents believed to concern the

manufacture, purchase, advertising, sale, or offering for sale of such infringing copies.

43. That the Court issue an Order directing the United States Marshal and/or other law enforcement officers to enter Defendant's premises as listed above and seize the following items which are in Defendant's possession, custody, or control:

(a). All computers, including all peripherals and storage devices (including but not limited to hard drives or zip drives), located in Defendant's premises which embody or contain any unauthorized copies of Plaintiffs' Computer Software Products or which were used to commit any of the infringing acts complained of herein, along with any other devices or articles within the meaning of 17 U.S.C. § 503(a) by means of which unauthorized copies of Plaintiffs' Computer Software Products have been or may be reproduced (including but not limited to CD recorders or CD burners);

(b) Any other matter or material in any media embodying any unauthorized copies of Plaintiffs' Computer Software Products or any other evidence of infringement, including, but not limited to, disks, tapes, electronic mails, documents, or software;

(c) All goods and counterfeit marks involved in the violation of Plaintiffs' trademark rights, and the means of making such marks, and records documenting the manufacture, sale, or receipt of things involved in such violation, as set forth in 15 U.S.C. § 1116(d)(1)(A);

(d) Any unauthorized promotional and advertising material, packages, wrappers, containers, and any other unauthorized items which picture, reproduce or utilize the likenesses of or copy or bear a substantial similarity to any of Plaintiffs' Computer Software Products, copyrighted works and/or trademarks, or markings substantially indistinguishable therefrom; and

(e) Any correspondence (including but not limited to electronic mails), sales journals, supplier journals, customer journals, ledgers, invoices, purchase orders, shipping

logs, inventory control documents, bank records, catalogues, product lists, computer files, recordings of any type whatsoever and all other business records and documents believed to concern the manufacture, distribution, purchase, advertising, sale or offering for sale of infringing copies of software.

44. That the Court issue an Order allowing Plaintiffs (or their designees) to be allowed to accompany the United States Marshal and/or other law enforcement officers and to assist in the seizure.

45. That the Court issue an Order permitting accelerated pre-trial discovery within two (2) business days in order to ensure that other available evidence in this case – which includes evidence that is transitory, portable, and easily destroyed – is available for a Hearing on a Preliminary Injunction and preserved for Trial.

46. That the Court issue an Order requiring Defendant to show cause why, pending Trial on the merits, it should not issue a Preliminary Injunction Order in accordance with Paragraph 42.

47. That the Court issue a Preliminary Injunction in accordance with the Order requested in paragraph 42.

48. That the Court issue a Permanent Injunction making permanent the orders requested in paragraph 42.

49. That Plaintiffs be awarded damages for Defendant's copyright infringement either: (i) actual damages in an amount to be determined at Trial, together with Defendant's profits derived from his unlawful infringement of software manufactured by Plaintiffs; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. §504, at Plaintiffs' election before the entry of a final judgment, together with prejudgment and post-judgment interest.

50. That Plaintiffs be awarded damages for Defendant's trademark infringement either: (i) trebled actual damages in an amount to be determined at Trial, as set forth in 15 U.S.C. § 1117(b); or (ii) statutory damages for each trademark infringed in an amount provided by law, as set forth in 15 U.S.C. § 1117(c), at Plaintiffs' election before the entry of a final judgment, together with prejudgment and post-judgment interest.

51. That the Court issue an Order requiring Defendant to destroy all infringing copies of the Plaintiffs' software products at the conclusion of the present matter.

52. That the Court award Plaintiffs their reasonable attorneys' fees pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(b).

53. That the Court award Plaintiffs their costs of suit incurred herein.

54. That the Court grant Plaintiffs such other and further relief as it deems just and equitable.

Dated: October 15, 2002

LEONARD, TILLERY & SCIOLLA, LLP

By: _____
M. Kelly Tillery, Esquire
David J. Shannon, Esquire
Heidi E. Anderson, Esquire
1515 Market Street
Suite 1800
Philadelphia, PA  19102
Telephone:  (215) 567-1530
Facsimile:  (215) 564-4611

Attorney for Plaintiffs
MICROSOFT CORPORATION and
SYMANTEC CORPORATION

LOCAL COUNSEL:

KUPELIAN, ORMOND & MAGY
Stephen P. Ormond, Esq.
Kimberly R. D. Carpenter, Esq.
25800 Northwestern Highway, Suite 980
P.O. Box 197
Southfield, MI 48037-0197
Phone: (248) 357-0000
Fax: (248) 357-7488